Daniel J. Kornstein (DK – 3264)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUMMIT PROPERTIES INTERNATIONAL,        :
L.L.C.,
                                        :

            Plaintiff,

                                        :     07 Civ. 10407 (LBS)
      - against -                             ECF Case
                                        :

LADIES PROFESSIONAL GOLF                      REPLY TO COUNTERCLAIMS
ASSOCIATION,                            :

            Defendant.                  :
------------------------------------------------------------X

        Plaintiff Summit Properties International, L.L.C. ("SPI"), for its reply to defendant

Ladies Professional Golf Association's ("LPGA") counterclaims:

        1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 1 of the counterclaims.

        2.      Denies the allegations in paragraph 2 of the counterclaims except admits that

SPI's principal place of business is in New York, New York.

        3.      Neither admits nor denies the allegations in paragraph 3 of the counterclaims,

which call for a legal conclusion.

        4.      Neither admits nor denies the allegations in paragraph 4 of the counterclaims,

which call for a legal conclusion.

        5.      Denies the allegations in paragraph 5 of the counterclaims, except admits that

LPGA and SPI entered into a representation agreement and refers to that document for its terms.

      6.      Denies the allegations in paragraph 6 of the counterclaims, except admits that SPI and LPGA entered into the Amended and Restated Representation Agreement ("Agreement") on November 1, 2002, and refers to that document for its terms.

      7.      Denies the allegations in paragraph 7 of the counterclaims, except admits that SPI and LPGA entered into the Amended and Restated Representation Agreement ("Agreement") on November 1, 2002, and refers to that document for its terms.

      8.      Denies the allegations in paragraph 8 of the counterclaims, except admits that SPI and LPGA entered into the Amended and Restated Representation Agreement ("Agreement") on November 1, 2002, and refers to that document for its terms.

      9.      Denies the allegations in paragraph 9 of the counterclaims, except admits that SPI and LPGA entered into the Amended and Restated Representation Agreement ("Agreement") on November 1, 2002, and refers to that document for its terms.

      10.      Admits the allegations in paragraph 10 of the counterclaims.

      11.      Admits the allegations in paragraph 11 of the counterclaims.

      12.      Admits the allegations in paragraph 12 of the counterclaims.

      13.      Denies the allegations in paragraph 13 of the counterclaims, except admits that SPI and LPGA entered into the Amended and Restated Representation Agreement ("Agreement") on November 1, 2002, and refers to that document for its terms.

      14.      Denies the allegations in paragraph 14 of the counterclaims, except admits that SPI and LPGA entered into the Amended and Restated Representation Agreement ("Agreement") on November 1, 2002, and refers to that document for its terms.

2

15.     Denies the allegations in paragraph 15 of the counterclaims, except admits that SPI and LPGA entered into the Amended and Restated Representation Agreement ("Agreement") on November 1, 2002, and refers to that document for its terms.

16.     Denies the allegations in paragraph 16 of the counterclaims, except admits that SPI and LPGA entered into the Amended and Restated Representation Agreement ("Agreement") on November 1, 2002, and refers to that document for its terms.

17.     Denies the allegations in paragraph 17 of the counterclaims, except admits that SPI and LPGA entered into the Amended and Restated Representation Agreement ("Agreement") on November 1, 2002, and refers to that document for its terms.

18.     Denies the allegations in paragraph 18 of the counterclaims, except admits that SPI representatives met with LPGA representatives in January of 2006.

19.     Denies the allegations in paragraph 19 of the counterclaims.

20.     Denies the allegations in paragraph 20 of the counterclaims except admits that SPI representatives met with LPGA representatives in January of 2006, and that LPGA, at that meeting, requested answers to various questions concerning SPI's identification and management of licensees as well as specific sales information.

21.     Denies the allegations in paragraph 21 of the counterclaims except admits that LPGA sent a letter to SPI on or about February 6, 2006, and refers to that document for its terms.

22.     Denies the allegations in paragraph 22 of the counterclaims except admits that it sent LPGA a letter on or about February 8, 2006, and refers to that document for its terms.

23.     Denies the allegations in paragraph 23 of the counterclaims except admits that LPGA sent a letter to SPI on or about February 16, 2006, and refers to that document for its

3

terms.

24.    Denies the allegations in paragraph 24 of the counterclaims except admits that SPI sent a letter to LPGA on March 15, 2006, and refers to that document for its terms.

25.    Denies the allegations in paragraph 25 of the counterclaims.

26.    Denies the allegations in paragraph 26 of the counterclaims.

27.    Denies the allegations in paragraph 27 of the counterclaims.

28.    Denies the allegations in paragraph 28 of the counterclaims.

29.    Denies the allegations in paragraph 29 of the counterclaims.

30.    Denies the allegations in paragraph 30 of the counterclaims, except admits that LPGA sent a notice to SPI on June 2, 2006, and refers to that document for its terms.

31.    Denies the allegations in paragraph 31 of the counterclaims, except admits that SPI sent a letter to LPGA on March 15, 2006, and refers to that document for its terms.

32.    Denies the allegations in paragraph 32 of the counterclaims.

33.    Denies the allegations in paragraph 33 of the counterclaims.

34.    Denies the allegations in paragraph 34 of the counterclaims except admits that LPGA and SPI communicated, in June 2006, about a licensing agreement with Pan World Brands and that LPGA informed SPI that it would require modified representations and warranties in a prospective deal with Pan World Brands.

35.    Denies the allegations in paragraph 35 of the counterclaims except admits that it communicated with Pan World Brands in June 2006 itself regarding LPGA's modified representations and warranties.

36.    Denies the allegations in paragraph 36 of the counterclaims.

4

37.    Denies the allegations in paragraph 37 of the counterclaims except admits that it proposed a new licensing agreement between LPGA and Pan World Brands.

38.    Denies the allegations in paragraph 38 of the counterclaims except admits that it sent a letter to LPGA's Board of Directors on July 11, 2006, and refers to that document for its terms.

39.    Denies the allegations in paragraph 39 of the counterclaims.

40.    Denies the allegations in paragraph 40 of the counterclaims except admits that SPI and Pan World Brands were in contact after June 2006.

41.    Admits the allegations in paragraph 41 of the counterclaims.

42.    Denies the allegations in paragraph 42 of the counterclaims.

43.    Denies the allegations in paragraph 43 of the counterclaims.

44.    Denies the allegations in paragraph 44 of the counterclaims.

45.    Denies the allegations in paragraph 45 of the counterclaims except admits that it communicated with LPGA regarding Pan World Brands on or about July 27, 2006.

46.    Denies the allegations in paragraph 46 of the counterclaims except admits that it communicated with LPGA regarding Pan World Brands on or about July 27, 2006.

47.    Denies the allegations in paragraph 47 of the counterclaims except admits that it communicated with LPGA regarding Pan World Brands on or about July 27, 2006.

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the counterclaims.

49.    Denies the allegations in paragraph 49 of the counterclaims.

50.    Denies the allegations in paragraph 50 of the counterclaims.

5

51.    Denies the allegations in paragraph 51 of the counterclaim except admits that LPGA agreed that SPI could negotiate with Total Kids Wear, Inc. ("TKWI") during part of the summer of 2006.

52.    Denies the allegations in paragraph 52 of the counterclaims except admits that it was in contact with TKWI.

53.    Denies the allegations in paragraph 53 of the counterclaims.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the counterclaims.

55.    Denies the allegations in paragraph 55 of the counterclaims.

56.    Denies the allegations in paragraph 56 of the counterclaims except admits that SPI has received certain revenues since LPGA purported to terminate the Agreement.

57.    Denies the allegations in paragraph 57 of the counterclaims except admits that it communicated with One World Golf Group Canada ("One World") on March 2, 2007.

58.    Denies the allegations in paragraph 58 of the counterclaims.

59.    Denies the allegations in paragraph 59 of the counterclaims.

60.    Denies the allegations in paragraph 60 of the counterclaims except admits that LPGA sent a letter to SPI on or about March 8, 2007, and refers to that document for its terms.

61.    Denies the allegations in paragraph 61 of the counterclaims except admits that it sought LPGA's input in its dealings with One World.

62.    Admits the allegations in paragraph 62 of the counterclaims.

63.    Denies the allegations in paragraph 63 of the counterclaims except admits that LPGA sent a notice to SPI on or about January 2, 2007, and refers to that document for its terms.

6

64.     Denies the allegations in paragraph 64 of the counterclaims except admits that SPI did not make Guarantee Payments after January 2007.

65.     Denies the allegations in paragraph 65 of the counterclaims.

66.     Repeats and realleges the paragraphs hereof responsive to the paragraphs repeated and realleged in paragraph 66 of the counterclaims.

67.     Admits the allegations in paragraph 67 of the counterclaims.

68.     Denies the allegations in paragraph 68 of the counterclaims.

69.     Denies the allegations in paragraph 69 of the counterclaims.

70.     Denies the allegations in paragraph 70 of the counterclaims.

71.     Repeats and realleges the paragraphs hereof responsive to the paragraphs repeated and realleged in paragraph 71 of the counterclaims.

72.     Neither admits nor denies the allegations in paragraph 72 of the counterclaims, which call for a legal conclusion.

73.     Neither admits nor denies the allegations in paragraph 73 of the counterclaims, which call for a legal conclusion.

74.     Denies the allegations in paragraph 74 of the counterclaims.

75.     Denies the allegations in paragraph 75 of the counterclaims.

76.     Repeats and realleges the paragraphs hereof responsive to the paragraphs repeated and realleged in paragraph 76 of the counterclaims.

77.     Denies the allegations in paragraph 77 of the counterclaims except admits that SPI has received certain revenues since LPGA purported to terminate the Agreement.

78.     Denies the allegations in paragraph 78 of the counterclaims.

79.    Denies the allegations in paragraph 79 of the counterclaims.

80.    Admits the allegations in paragraph 80 of the counterclaims.

81.    Denies the allegations in paragraph 81 of the counterclaims except admits that LPGA has demanded the return of these Royalty Payments, and SPI has rejected the demand.

82.    Denies the allegations in paragraph 82 of the counterclaims.

83.    Denies the allegations in paragraph 83 of the counterclaims.

84.    Repeats and realleges the paragraphs hereof responsive to the paragraphs repeated and realleged in paragraph 84 of the counterclaims.

85.    Denies the allegations in paragraph 85 of the counterclaims.

86.    Denies the allegations in paragraph 86 of the counterclaims except admits that LPGA has demanded the return of these Royalty Payments, and SPI has rejected the demand.

87.    Denies the allegations in paragraph 87 of the counterclaims.

88.    Repeats and realleges the paragraphs hereof responsive to the paragraphs repeated and realleged in paragraph 88 of the counterclaims.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the counterclaims.

90.    Denies the allegations in paragraph 90 of the counterclaims.

91.    Denies the allegations in paragraph 91 of the counterclaims.

92.    Denies the allegations in paragraph 92 of the counterclaims.

93.    Denies the allegations in paragraph 93 of the counterclaims.

## FIRST AFFIRMATIVE DEFENSE

94.    The counterclaims fail to state a claim upon which relief can be granted.

8

## SECOND AFFIRMATIVE DEFENSE

95.    The counterclaims are barred by LPGA's breaches of the contractual duties owed to SPI.

## THIRD AFFIRMATIVE DEFENSE

96.    The counterclaims are barred by LPGA's unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

97.    The counterclaims are barred because SPI has paid all amounts owed to LPGA.

## FIFTH AFFIRMATIVE DEFENSE

100.    LPGA cannot collect the damages it claims to have incurred, because they were the result of LPGA's own actions or inactions and not the result of any conduct on the part of SPI.

## SIXTH AFFIRMATIVE DEFENSE

101.    The damages that LPGA seeks are barred by its failure to make reasonable efforts to mitigate its purported damages.

## SEVENTH AFFIRMATIVE DEFENSE

102.    If SPI is held liable to defendant, which liability is specifically denied, SPI would be entitled to a set-off of any damages awarded against it.

Dated: New York, New York
       February 4, 2008

                              KORNSTEIN VEISZ WEXLER & POLLARD, LLP

                              By: _____
                                  Daniel J. Kornstein (DK – 3264)
                                  757 Third Avenue
                                  New York, New York 10017
                                  dkornstein@kvwmail.com
                                  (212) 418-8600


                              Attorneys for Plaintiff


TO:    DAVIS & GILBERT LLP
       Howard J. Rubin, Esq.
       Scott M. Singer, Esq.
       1740 Broadway
       New York, New York 10019
       hrubin@dglaw.com
       ssinger@dglaw.com
       (212) 468-4800

       Attorneys for Defendant